IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

BARBARA LANGLEY,                )
                                )
    Plaintiff,                  )
                                )
  v.                            )   CIVIL ACTION NO. 08-G-1656-M
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security,)
                                )
    Defendant.                  )

MEMORANDUM OPINION

    This cause is before the court upon various motions of the parties and upon the merits of the appeal. The Commissioner has filed a motion for leave to amend his answer in order to raise a statute of limitation defense. The Commissioner had previously waived that defense by failing to include it in his original answer to the complaint.

    After the Commissioner submitted his original answer, which failed to contain stature limitations defense, he filed a response to the plaintiff's motion for extension of time to file a complaint. In that response the Commissioner stated that his answer "admitted the Commissioner's final decision was subject to judicial review...." Def.'s Resp. [Doc. # 14] at p. 2, n. 2. In that response the Commissioner also asserted that a second complaint was unnecessary because of the previously filed complaint. <u>Id.</u> at p. 3. The Commissioner further asserted that it had no objection if plaintiff's motion

was for additional time to file a brief on the merits.  Id.  Based upon the Commissioner's assertions, the court denied as moot both the plaintiff's motion for extension of time to file a complaint and the Commissioner's previously filed motion to dismiss the complaint. The court ordered the parties to brief the merits of the appeal based upon the previously entered briefing letter.  The plaintiff subsequently filed a motion for extension of time to file her brief on the merits, which was granted.

Plaintiff filed her brief on the merits on September 9, 2009, and on that same date filed a motion for extension of time to submit a psychological evaluation of the plaintiff which was to be conducted in the future.  The court entered a briefing schedule for consideration of plaintiff's motion for extension of time to submit a psychological evaluation of the plaintiff.  On September 21, 2009, the Commissioner filed a motion for leave to file an amended answer asserting a statute of limitations defense.  On September 22, 2009, the court stayed consideration of the plaintiff's motion for extension of time to file a psychological evaluation of the plaintiff and entered a scheduling order for consideration of Commissioner's motion for leave to file an amended answer.  The plaintiff filed an opposition to the Commissioner's motion for leave to file an amended answer on September 24, 2009, and a motion to remand on October 5, 2009.  Plaintiff's motion to remand is for consideration of new evidence, consisting of a September 25, 2009, psychological evaluation of the plaintiff conducted at the request of plaintiff's attorney.

**COMMISSIONER'S MOTION TO AMEND ANSWER**

The court has considered the submissions of the parties and finds that the plaintiff will be unduly prejudiced if the amendment is allowed.  Prior to the filing of Commissioner's motion, plaintiff had prepared and filed her brief on the merits.  To allow Commissioner's amendment would, therefore result in prejudice to the plaintiff.  Accordingly, Commissioner's motion will be denied.

**PLAINTIFF'S MOTION TO REMAND**

In this circuit a three prong test is applied to determine whether a remand for consideration of new evidence is proper pursuant to sentence six of 42 U.S.C. § 405(g).  The claimant must establish:

(1) That there is new, noncumulative evidence;

(2) That the evidence is material; and

(3) That there is good cause for failure to submit the evidence at the administrative level.

Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986).  In the present case, the proffered new evidence does not satisfy the requirements of Caulder for remand under sentence six.

As to the first requirement, in so far as the evidence relates to the plaintiff's alleged mental retardation and illiteracy, it is cumulative.  This is not a case where the "new evidence is the product of what is apparently the only comprehensive psychological evaluation of [plaintiff's] mental condition."  Cherry v. Heckler 760 F.2d 1186, 1193 (11th Cir. 1985).  The record before the ALJ contained a psychological evaluation

performed by Dr. Bentley on August 8, 2005.  Even though Dr. Bentley did not administer IQ testing, he did give an opinion of the plaintiff's level of intellectual functioning. Doctor Bentley indicated the plaintiff "has good reading comprehension skills." R 167.  Doctor Bentley observed that the plaintiff's "communication skills were consistent with an individual functioning in the Upper Half of the Borderline Range to Low Average range." R 168.  The consultative physical examiner also opined the plaintiff "appears to be of average to less than average intelligence." R. 179.  Therefore, this is not a case where the evidence "is not substantially contradicted by the existing record." Id.  Doctor Bentley's evaluation contradicts the plaintiff's attorneys consultant's conclusions.

  The plaintiff has not demonstrated that the proffered evidence is material. It consists of a psychological evaluation performed almost two years after the date of the ALJ's decision.  To be material the proffered evidence must be "relevant and probative so that there is a reasonable possibility that it would change the administrative result." Caulder, at 877.  In Caulder, the court found the new evidence to be relevant and probative because it "contain[ed] a medical opinion on the presence of the impairment during the time period for which benefits [were] sought." Caulder at 877-78.  In the present case, the proffered evaluation from Doctor Wilson does not in any way indicate that the evaluation of plaintiff's depression and anxiety related to the plaintiff's condition prior to the ALJ's decision.

While the IQ testing performed by plaintiff's attorney's consultant might arguably relate to the period prior to the ALJ decision, it does not create a "reasonable possibility" that the administrative result would be changed.  As noted above, Dr. Bentley opined the plaintiff was at the "Upper Half of the Borderline Range to Low Average range" of intelligence.  R. 168.  Doctor Bentley also found the plaintiff's effort and motivation to be questionable:  "It was apparent that Ms. Patterson did not make a reasonable effort on the mental status exam as she failed to even recite three digits forward."  R 169.  Doctor Bentley noted that plaintiff showed no initial slowing in response time.  But he observed that "during the administration of the mental status exam, the client became extremely evasive and slow to respond to simple questions."  R 168.  For these reasons, Doctor Bentley concluded "[i]t is apparent that [plaintiff] did not make a reasonable effort on the mental status exam" and  thus plaintiff's "other psychiatric complaints and pain disorder should be viewed as questionable due to her apparent lack of motivation."  R. 169.  In light of Dr. Bentley's assessment, based upon his mental status exam, that plaintiff was in the upper borderline or low average range of intelligence, and also his finding that the plaintiff did not put forth a reasonable effort, it is not likely the Commissioner would accept Dr Wilson's assessment of plaintiff's intelligence.

Even if plaintiff had shown that Dr. Wilson's report met the first two requirements for a sentence six remand, she has not shown good cause for failing to

submit the evidence at the administrative level.  In some circumstances good cause may be shown if the evidence did not exist at the time of the administrative proceeding. However, the policy considerations behind the good cause requirement of 42 U.S.C. § 405(g) compel a contrary finding in the present case.  In Milano v. Bowen, 809 F.2d 763 (11th Cir. 1987), the court set forth the policy behind the good cause requirement: "The good cause requirement was designed to avoid the danger of "encouraging claimants to seek after-acquired evidence, and then use such evidence as an unsanctioned 'backdoor' means of appeal." Id. at 767 (quoting Szubak v. Secretary of Health and Human Services, 745 F.2d 831, 834 (3d Cir.1984)).  In light of Milano, the plaintiff has not shown good cause why the evidence could not have been submitted at the administrative level.  The proffered evidence does not consist of treatment records, but rather a consultative evaluation performed at the behest of plaintiff's attorney.  It is akin to the testimony of an expert witness at trial.  There is no reason a consultative evaluation could not have been obtained prior to the ALJ's decision.  Plaintiff was represented by counsel during the administrative hearing, who could have obtained a consultative evaluation at that time.  The present fact situation falls squarely within the danger zone discussed in Milano.  Allowing a remand in the present case would surely "encourag[e] claimants to seek after-acquired evidence" as a "'backdoor' means of appeal" in future cases. Therefore, the court finds good cause does not exist for plaintiff's failure to submit the evidence at the administrative level.

Plaintiff's arguments in her "Submission in Support of Motion to Remand" filed January 20, 2011, are not worthy of extended comment. Plaintiff asserts incorrectly that a Fifth Circuit cases decided in 2000 is binding in the Eleventh Circuit. Nonetheless, the Fifth Circuit case involved evidence actually submitted to the Appeals Council and is not applicable to the present case.

The plaintiff has not demonstrated that the proffered new evidence satisfies the three requirements for a sentence six remand. Therefore, plaintiff's motion to remand will be denied.

## THE MERITS OF PLAINTIFF'S APPEAL

The court has considered the arguments made in plaintiff's brief on the merits and elects to decide the appeal without requiring a brief from the Commissioner.

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(parenthetical information omitted)(emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

8

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

Plaintiff's argues the ALJ did not give adequate reasons for refusing to credit the plaintiff's subjective testimony about her physical and mental impairments. In his decision the ALJ remarked upon the lack of medical records supporting plaintiff's subjective allegations. R 23. The court has reviewed the entire medical record in this case, and concludes the ALJ correctly relied upon the lack of treatment to support his decision not to credit the plaintiff's testimony. Plaintiff alleges disability beginning May 1, 2005. Almost all of the medical records are more than one year prior to plaintiff's alleged onset date. After her alleged onset date there is only one treatment note in the record. It is from the Quality of Life Health Services on June 20, 2005. At that time the plaintiff complained of "nerves because of divorce" and high blood pressure. R. 150. The plaintiff does not appear to have complained of pain at this visit, and the physical

9

examination revealed no abnormalities. R. 150. Prior to this visit, the plaintiff was seen in December 2004 for cold symptoms and November 2004 for a possible cold and rash. R. 153, 155. Therefore, the ALJ correctly relied upon the lack of treatment to discredit the plaintiff's subjective testimony.

The ALJ also commented on the report of the consultative mental examiner, Dr. Bentley: "He did note, however, during the administration of the mental status exam, the claimant became extremely evasive and slow to respond to simple questions, prompting him to question her motivation and cooperativeness." R. 23. It was reasonable for the ALJ to rely upon the plaintiff's lack of motivation and cooperativeness in a consultative evaluation to discredit her subjective testimony as to her mental impairment. This would also call into question the plaintiff's credibility generally.

The ALJ relied upon the consultative physical evaluation of Dr. Born to support his finding that the plaintiff could perform medium work as outlined in his RFC finding, and to reject the plaintiff's subjective testimony of more extensive physical limitations. In light of the absence of contradictory treating records, it was reasonable for the ALJ to rely on Dr. Born's assessment and to discredit the plaintiff's subjective testimony.

In addition to the specific evidence discussed above, the court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied

in reaching that decision. Contrary to plaintiff's argument in brief, the ALJ gave specific reasons for discrediting the plaintiff's subjective testimony. Those reasons were supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 31 March 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.